# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **BAKARI MACKEY,** | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION NO. |
| | ) |
| v. | )   1:23-cv-01636-CLM |
| | ) |
| **DANIEL HENRY, et al.,** | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS

Defendants Daniel Henry ("Henry") and Andrew Howell ("Howell") (collectively, "Defendants"), pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6), respectfully move this Court for an Order dismissing Plaintiff Bakari Mackey's ("Mackey") Complaint because it fails to state a claim against Defendants upon which relief can be granted. In support of their Motion, Defendants show the Court as follows:

**I.    INTRODUCTION AND BACKGROUND.**

1.    On December 4, 2023, Mackey filed his Complaint, *pro se*. (Doc. 1).[1]

2.    While the Complaint is not a model of clarity, Mackey appears to assert claims against Henry and Howell for violation of the Fourth and Fourteenth

---

[1] Defendants were not served with the Complaint until January 19, 2024.

Amendments of the United States Constitution pursuant to 42 U.S.C. §1983 arising out of his arrest based on theories for (1) excessive force; (2) false arrest; and (3) fabrication of evidence.

3. On December 11, 2023, the Court dismissed Mackey's claims against Defendants based on his theories for false arrest and fabrication of evidence. (Doc. 4).

4. As such, Mackey's only remaining claim against Defendants is what appears to be a claim for the use of excessive force in violation of the Fourth Amendment.

5. Mackey alleges that Henry and Howell, while in the line and scope of their employment as police officers for the Anniston Police Department, used excessive force when they pulled him out of his car, tasered him, and pushed his head into the pavement while they arrested him. (See Doc. 1, pp. 6-9)

6. Mackey's Complaint is due to be dismissed for failure to state a claim against Defendants upon which relief can be granted because Defendants are entitled to qualified immunity.

II. **HENRY AND HOWELL ARE ENTITLED TO QUALIFIED IMMUNITY.**

7. Qualified immunity protects municipal officers from liability in §1983 actions as long "as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

8. A defendant is entitled to qualified immunity when "the allegedly unconstitutional conduct occurred while [he] was acting within the scope of his discretionary authority." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1281 (11th Cir. 1998) (citing Evans v. Hightower, 117 F.3d 1318, 1320 (11th Cir.1997)).

9. Mackey alleges Defendants used excessive force while acting as police officers for the Anniston Police Department under color of law.

10. Because Defendants were acting within the line and scope of their authority, they should be entitled to qualified immunity. See id.

11. In order to overcome Defendants' defense of qualified immunity, Mackey must show that Henry and Howell violated a clearly established right by establishing a rule of law concerning Defendants' actions which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority. See District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018) (holding that a constitutional right is clearly established by showing that the legal principle must have a sufficiently clear foundation in then-existing precedent).

12. Whether the Complaint alleges a violation of a clearly established right is a question of law. See Williams v. Alabama State University, 102 F.3d 1179, 1182 (11th Cir. 1997).

13. The standard is an objective one; the issue of whether a defendant's subjective motive was malicious or otherwise improper is irrelevant to and cannot defeat the qualified immunity defense. See Crawford-El v. Britton, 523 U.S. 574, 588 (1998).

14. While Mackey has alleged claims of excessive force in violation of his constitutional rights under the Fourth Amendment, he has not provided any allegations to support that Defendants violated a clearly established right.

15. In Hope v. Pelzer, 536 U.S. 736 (2002), the United States Supreme Court explained what is required for a right to be clearly established in the context of qualified immunity:

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Id. at 742.

16. In Mackey's Complaint, he alleges that Henry and Howell used excessive force when Henry pulled him out of his vehicle, Howell tasered Mackey, and Henry pushed Mackey's head into the pavement.

17. Mackey cannot provide any precedent to support that it is clearly established law that using a taser and pushing someone to the ground to effectuate

4

their arrest is using excessive force in violation of the Fourth Amendment. See Vaughan v. Cox, 343 F.3d 1323, 1332 (11th Cir. 2003) ("The ultimate inquiry in qualified immunity cases is 'whether the state of the law gave the defendants fair warning that their alleged conduct was unconstitutional' ").

18.     Rather, current case law supports that qualified immunity has been granted in several cases involving similar factual circumstances. See Baker v. Clements, 760 F. App'x 954, 958 (11th Cir. 2019) (holding that officers were entitled to qualified immunity for delivering a series of closed fist strikes (and deployment of taser) to a suspect that was on the ground and disobeying orders to stop resisting); Hinson v. Bias, 927 F.3d 1103 (11th Cir. 2019) (granting qualified immunity to officers that utilized three hammer strikes to the body and one pain compliance hand strike to the head to gain control of a suspect); Nolin v. Isbell, 207 F.3d 1253 (11th Cir. 2000) (holding that qualified immunity applied to officer who kneed subject in the back and pushed his head into a van); Gomez v. Lozano, 839 F.Supp.2d 1309 (S.D. Fla. 2012) (holding that qualified immunity applied to officer who struck suspect two times in the face).

19.     Because Mackey cannot show that Defendants violated a clearly established right, Defendants are entitled to qualified immunity and Mackey's claims are due to be dismissed.

5

WHEREFORE, Defendants respectfully request this Court enter an Order dismissing Mackey's Complaint against Defendants, with prejudice, and tax all Court costs against Mackey.

DATED: February 16, 2024.

                                             Respectfully submitted,

                                             By: /s ***Taffi S. Stewart***
                                                  Taffi S. Stewart, Esq. (asb-0450-m72t)
                                                  Sarah G. Redmond, Esq. (asb-4416-n10p)
                                                  *Attorneys for Defendants Daniel Henry and Andrew Howell*

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Phone: (205) 967-8822
Fax: (205) 967-2380
tstewart@lgwmlaw.com
sredmond@lgwmlaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 16th day of February, 2024, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Bakari Mackey (Pro Se)
1910 Walnut Avenue
Anniston, AL 36201
Telephone:  (256) 600-6132
effectiveplanning@icloud.com

                                                  /s  ***Taffi S. Stewart***
                                                OF COUNSEL