FILED
2024 Jun-17  AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**BAKARI MACKEY**,
　　　　Plaintiff,

**v.**　　　　　　　　　　　　　　　　　**Case No. 1:23-cv-1636-CLM**

**DANIEL HENRY, *et al.*,**
　　　　Defendants.

<u>**MEMORANDUM OPINION**</u>

　　*Pro se* plaintiff Bakari Mackey ("Mackey") sues two City of Anniston police officers, Daniel Henry ("Henry") and Andrew Howell ("Howell") (collectively, "Defendants") for assaulting him during a traffic stop. (Doc. 1). At the screening stage, the court dismissed all of Mackey's claims except one—*i.e.*, an excessive force claim under 42 U.S.C. § 1983. (Doc. 3 at 6).

　　Officers Henry and Howell ask this court to now dismiss the remaining excessive force claim because they have qualified immunity. (Doc. 14). As explained starting on the next page, the court **DENIES** Defendants' Motion because, if you accept Mackey's version of the facts as true, Defendants violated a clearly established right against the use of excessive force against a person who is not resisting arrest and not posing a threat to others.

### *\*Note about Next Steps\**

　　Because this case will proceed on one count, the court also **ORDERS** the parties to comply with Federal Rule of Civil Procedure ("Rule") 26(f). (Doc. 14). Rule 26(f) requires federal litigants to confer early in a case, develop a discovery plan, and submit to the court a written report outlining the plan. FED. R. CIV. P. 26(f). The conference generally occurs before discovery begins and aims to streamline the pretrial process and avoid discovery disputes. For more information on discovery, the court directs Mackey to the court's *Guide for Proceeding Without a Lawyer* ("*Pro Se* Guide") (attached herein), which is intended to help people who are proceeding in court without the help of

lawyers. (Doc. 5). "Disclosures and Discovery" is specifically addressed in Section 7.4 of the *Pro Se* Guide. (*See* Doc. 5 at 19-20). Mackey should also read Section 5.3, entitled "If I Represent Myself, What Will I Have To Do?" (Doc. 5 at 7-8).

—

## BACKGROUND

1. *Mackey's arrest*: Mackey's lawsuit stems from an August 30, 2023, arrest that Mackey described like this in his Complaint:

1. On August 30, 2023, at approximately 9pm, Mr. Mackey was stopped on West 19th Street, while traveling in his vehicle.

2. Officer Daniel Henry with the Anniston Police Department, activated his emergency lights as he passed Mr. Mackey's vehicle traveling on West 19th Street and signaled to make a U-turn.

3. Mr. Mackey immediately pulled his vehicle over at the intersection of West 19th Street and Wilmer Avenue and waited for the Officer to make a U-turn.

4. Officer Daniel Henry approached Mr. Mackey's vehicle on the passenger side and reported that he stopped Mr. Mackey's vehicle because his passenger headlight was out.

5. Mr. Mackey reminded Officer Daniel Henry that his vehicle was the victim of a hit and run case resulting in damage to the passenger side fender, headlight and hood of the vehicle.

6. Officer Daniel Henry requested Mr. Mackey's drivers license and proof of insurance.

7. Mr. Mackey complied and provided Officer Daniel Henry with his driver license and proof of insurance.

8. Officer Daniel Henry verified Mr. Mackey's insurance via cell phone and ordered Mr. Mackey to "sit tight".

9. Mr. Mackey retrieved his cell phone from Officer Daniel Henry and began to open his social media Facebook app.

10. Officer Daniel Henry approached the driver door and attempted to open Mr. Mackey's locked vehicle door.

11. Mr. Mackey unlocked the door while asking Officer Daniel Henry what was the problem.

12. Officer Daniel Henry aggressively opened the driver's door and forcefully pulled Mr. Mackey from inside his vehicle by his arm.

13. Mr. Mackey dropped his cell phone and wallet trying not to hit the ground.

14. Officer Daniel Henry held Mr. Mackey's arm while ordering Mr. Mackey to put his hands behind his back.

15. Mr. Mackey attempted to turn around as ordered by Officer Daniel Henry.

16. Officer Daniel Henry held Mr. Mackey's arm and began to accuse Mr. Mackey of resisting.

17. Officer Andrew Howell tasered Mr. Mackey multiple times in response to officer Daniel Henry's claim that Mr. Mackey was resisting.

18. Officer Daniel Henry then slammed Mr. Mackey head first into the pavement.

19. Mr. Mackey was placed in handcuffs by Officer Daniel Henry while bleeding from multiple areas on his body.

20. Officer Daniel Henry performed a search of Mr. Mackey's person and drove Mr. Mackey to Regional Medical Center where he was to be treated for his injuries.

21.  Officer Daniel Henry drove Mr. Mackey from Regional
     Medical Center to Anniston City jail.

22.  Officer Daniel Henry falsely arrested Mr. Mackey, and
     placed a 24 hour detention hold on Mr. Mackey.

23.  Mr. Mackey was booked into the Calhoun County jail and
     held for 24 hours.

24.  Officer Daniel Henry did not read Mr. Mackey his Miranda
     Rights.

25.  Officer Daniel Henry made a false claim that Mr. Mackey
     resisted arrest, had an open beverage, and Marijuana (2nd).

26.  Mr. Mackey was released on bond from the Calhoun County
     jail on August 31, 2023.

27.  Mr. Mackey retrieved his vehicle from impoundment on
     September 1, 2023.

28.  Mr. Mackey's beverage was still inside his vehicle, along
     with Mr. Mackey's shoes and glasses (broken).

29.  Mr. Mackey's cell phone and money ($95 in cash) was not
     retrieved.

30.  Mr. Mackey filed a violation of civil rights complaint
     with the Anniston Police Department via email on September
     6, 2023.

31.  Mr. Mackey filed Motion for Discovery on September 18,
     2023.

4

32.  Mr. Mackey appeared in the Anniston Municipal Court on September 27, 2023.

33.  Mr. Mackey appeared in the Anniston Municipal Court on November 1, 2023.

34.  The Anniston Municipal Court and the prosecution refuse to provide discovery of any evidence prior to trial to Mr. Mackey.

35.  Mr. Mackey  is scheduled to appear in Court for trial on December 6, 2023.

36.  Mr. Mackey received a medical bill from RMC Health System on November 14, 2023, for injuries directly caused by the defendants Daniel Henry and Andrew Howell of the Anniston Police Department on August 30, 2023.

37.  Defendants Daniel Henry, Andrew Howell, and Nick Bowles were acting under color of law and performing duties while employed  with the Anniston Police Department.

(Doc. 1 at 6-9).

2. *Mackey's lawsuit*: Mackey sued Officers Henry and Howell, in their individual capacities pursuant to 42 U.S.C. § 1983 ("§ 1983"), as well as the city's Chief of Police, Nick Bowles, under *respondeat superior*, alleging deprivations of the right to be free from excessive force; false imprisonment; and fabrication of evidence as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution. (Doc. 1). Mackey also filed a Motion for Leave to Proceed in forma pauperis and a Motion to Appoint Counsel. (Doc. 2).

At the screening stage, the court determined that Mackey stated a viable excessive force claim against Henry and Howell and was financially eligible to proceed in forma pauperis. (Doc. 3). The court dismissed all other claims and held that Mackey was not entitled to an attorney. (Doc. 3).

Officers Henry and Howell seek dismissal of the remaining claim based on qualified immunity. (Doc. 14).

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). FED. R. CIV. P. 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

FED. R. CIV. P. 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics omitted). A document filed *pro se* is "to be liberally construed," and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). However, the leniency shown to *pro se* plaintiffs "does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369. A *pro se* complaint must still be dismissed if it fails to state a claim on which relief may be granted. *See, e.g., Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

# DISCUSSION

Officers Henry and Howell each claim qualified immunity. Qualified immunity protects government officials from being sued in their individual capacities so long as "their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vineyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Eleventh Circuit applies a two-part test to determine whether a government official is entitled to the defense of qualified immunity. "First, the official must prove that the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority. Second, if the official meets that burden, the plaintiff must prove that the official's conduct violated clearly established law." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998) (citations omitted).

There is no dispute that the officers were engaged in a discretionary duty when they arrested Mackey. (*See* Doc. 1; Doc. 14). So the only question is whether Mackey can show that the officers violated clearly established law. *See Harbert Int'l, Inc.*, 157 F.3d at 1281. While Mackey bears this burden, the court must construe Mackey's pleaded facts "in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Mackey makes two arguments against qualified immunity: (1) the court already denied qualified immunity when it ruled that he pleaded a viable claim at the pleading stage, and (2) Officers Henry and Howell do not deny the facts Mackey pleaded in his Complaint. (Doc. 17). Both arguments misunderstand the process. First, the court did not rule on qualified immunity at the screening stage because the officers had not made the argument yet. Second, the officers do not deny the facts in their Motion to Dismiss because they know that the court must accept Mackey's version of the facts as true when ruling on a Rule 12 motion. *See* FED. R. CIV. P. 12(b)(6). That doesn't mean the officers do not deny the facts; it simply means that denying them *presently* is pointless.

But even though Mackey's arguments miss the mark, the court agrees with Mackey that his pleaded facts, when accepted as true, defeat the officers' claims of qualified immunity against an excessive force claim.

The court analyzes excessive force claims "under the Fourth Amendment's 'objective reasonableness' standard." *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009). "That standard asks whether the force applied is objectively reasonable in light of the facts confronting the officer, a determination [this court makes] from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight." *Mobley v. Palm Beach Cty. Sheriff Dep't.*, 783 F.3d 1347, 1353 (11th Cir. 2015) (quotations omitted). In determining reasonableness, the court considers "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Conner*, 490 U.S. 386, 396 (1989).

"[E]ach defendant is entitled to an independent qualified-immunity analysis as it relates to his . . . actions and omissions." *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018). So even though Defendants don't analyze Mackey's excessive force claims officer-by-officer, the court will.

### 1. Officer Henry

Mackey alleges that after Officer Henry stopped him because of a non-functioning headlight. (Doc. 1 at 6). Mackey says that he complied with Officer Henry's orders to provide his driver's license and proof of insurance. (Doc. 1 at 6). Mackey says that Officer Henry verified Mackey's insurance, then returned to Mackey's vehicle and "aggressively opened the driver's door and forcefully pulled Mackey from inside his vehicle by his arm." (Doc. 1 at 7). He "held Mackey's arm while ordering him to put his hands behind his back." (Doc. 1 at 7). Henry "then slammed Mackey headfirst into the pavement" and "placed [him] in handcuffs . . . while [Mackey was] bleeding from multiple areas on his body." (Doc. 1 at 7).

Accepting Mackey's version of events as true, Mackey neither resisted arrest nor posed a danger to Officer Henry before Officer Henry pulled Mackey

from his car and slammed him headfirst into the pavement. Again, the traffic stop (allegedly) involved a broken headlight—a non-threatening offense. Judging these facts on an objective basis, Officer Henry used excessive force under then-existing Supreme Court and Eleventh Circuit precedent. *See, e.g.*, *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) (officer used excessive force when, in a single blow, he punched suspect who was handcuffed and was not struggling or resisting).

### 2. Officer Howell

Mackey claims that, even though he was not resisting arrest, Officer Henry wrongly claimed that he was resisting arrest. (Doc. 1 at 7). In response to this false allegation of resistance, "Howell tasered Mackey multiple times" while Officer Henry was holding Mackey's arm. (Doc. 1 at 7).

"[A] police officer violates the Fourth Amendment, and is denied qualified immunity, if he or she uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands." *Saunders v. Duke*, 766 F.3d 1262, 1265 (11th Cir. 2014). At the time of Mackey's arrest, it was clearly established that tasing an arrestee who had ceased resistance constituted excessive force. *See Helm v. Rainbow City*, 989 F.3d 1265, 1275–76 (11th Cir. 2021) (finding this rule clearly established in January 2015).

Accepting Mackey's version of events as true, no reasonable officer could have believed that tasing Mackey multiple times was necessary or reasonable. As Mackey tells it, Officer Henry was holding a compliant Mackey when Officer Howell tased him. (Doc. 1 at 7). The "gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." *Hadley*, 526 F.3d at 1330. Therefore, Officer Howell's actions, as pleaded, constituted excessive force as defined by then-existing precedent.

CONCLUSION

For these reasons, the court **DENIES** Defendants' Motion to Dismiss, (doc. 14). The parties **SHALL FILE** a Rule 26(f) Report on or before **July 31, 2024**. The court reminds Mackey to review the sections of the court's *Guide for Proceeding Without a Lawyer* ("*Pro Se* Guide"), (doc. 5), cited on pages 1 and 2 of this Memorandum Opinion (attached herein) and notes that Mackey's failure to participate in the Rule 26 conference *will* result in dismissal of this case for failure to prosecute.

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum Opinion with the *Pro Se* Guide attached to Mackey's address of record.

**Done** and **Ordered** on June 17, 2024.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

Attachment 1

# United States District Court
# Northern District of Alabama
## GUIDE FOR PROCEEDING WITHOUT A LAWYER



*This guide is taken from a guide created in the Middle District of Florida – special thanks to them for sharing their work product. This guide is intended to help people who are proceeding in court without the help of lawyers.  It is to be used as a guide; it should not be cited as authority. This guide was last updated October 31, 2016.*

# Table of Contents

1.   Introduction ........................................................................ 3

2.   Definitions........................................................................... 3

3.   Things to Know Before Representing Yourself.................... 4

4.   Rules that Everyone Has to Follow ..................................... 5

5.   Preliminary Questions to Ask ............................................. 6

6.   Getting the Case Started..................................................... 10

7.   Pretrial ................................................................................ 16

8.   Trial..................................................................................... 21

9.   Post-Trial ............................................................................ 22

10.  Resources ............................................................................ 23

# 1. Introduction

If you are reading this guide, you are probably thinking about bringing or defending a lawsuit without a lawyer's help. Federal court can be an intimidating place, and there are a lot of things you need to think about and know before bringing or pursuing a lawsuit.

Keep in mind that this guide will not answer all of your questions about how to represent yourself in a lawsuit. Instead, it summarizes basic steps required to file and pursue a lawsuit. Also keep in mind that this is just a guide. It is not a set of rules or an official document. You therefore should not cite it as authority.

If you are reading this guide on a computer, you can click on any red-colored, italicized text to access another website that will have more information on the topic. (If you find a broken link, just use a key-word search to try to find the website.) Of course, if you are reading this guide in hardcopy, you cannot take advantage of the links, but should know that any italicized text indicates that there is a website with more information on the topic.

# 2. Definitions

## 2.1 Answer

An answer is the response to a complaint. In that document, the defendant states his defenses and admits, denies, or states that he does not have knowledge regarding each allegation in the complaint.

## 2.2 Complaint

A complaint is the document that gets the lawsuit started. In that document, the plaintiff states his claim, his demand, and the basis for the court's subject-matter and personal jurisdiction.

## 2.3 Defendant

A defendant is the party who is being sued.

## 2.4 Discovery

Discovery is simply the process by which parties collect information from each other and "discover" facts about the case.

### 2.5  Docket
The docket is a chronological list of all court events and documents in the case.

### 2.6  Judgment
A judgment is the final action by the court that ends the case in the district court.

### 2.7  Lawsuit
A lawsuit, also called a case, is a legal claim or accusation that one person or entity makes against another in a court to get help from the court. Usually, a lawsuit begins when someone files a complaint.

### 2.8  Litigant
A litigant, also known as a party, is a person or entity in the lawsuit.

### 2.9  Motion
A motion is simply a request to the court for some action. An example is a motion for an extension of time to file something.

### 2.10  Order
An order is an action by the judge directing someone to do something or denying a request [motion] made in the case.

### 2.11  Mediation
A mediation is a settlement conference. A certified, qualified mediator presides over a mediation. The goal of a mediation is to settle the case.

### 2.12  Plaintiff
A plaintiff is the party who is bringing the lawsuit.

### 2.13  Pro Se Litigant
A pro se litigant is a person who represents himself or herself without the help of a lawyer.

## 3. Things to Know Before Representing Yourself

Representing yourself carries a lot of responsibilities and some risks. The court encourages you to carefully consider them. Here are some:

- If you miss a filing deadline, submit a document that is false, disregard a court order, refuse to follow court rules, or ask for something to which you know you are not entitled, you may lose on that ground alone and the court may impose a fine against you or hold you in contempt of court.

- Lying in court documents is perjury and a crime punishable by imprisonment.

- Rule 11 of the Federal Rules of Civil Procedure prohibits anyone from filing a lawsuit that is clearly frivolous [without merit or not serious] or meant only to harass someone. If the court determines that you have filed your lawsuit for an improper or unnecessary purpose, it may impose sanctions against you, including ordering you to pay the legal fees of the person who you sued.

- If you are not a licensed lawyer, you may not represent anyone except yourself. It is illegal to do otherwise.

- If you lose your case, you may be required to pay some of the costs that the winning party incurred during the lawsuit. Those costs can be expensive.

## 4. Rules that Everyone Has to Follow

The old saying, "Ignorance of the law is no excuse," is true here. You are responsible for following the rules and procedures that govern the court process, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules for the United States District Court for the Northern District of Alabama, and, if you or the other party decide to appeal the final decision, the Federal Rules of Appellate Procedure. Here are the websites to those rules (you can also get a copy of the Local Rules at the clerk's offices in Birmingham or Huntsville or on our website):

Federal Rules of Civil Procedure
*www.law.cornell.edu/rules/frcp*

Federal Rules of Evidence
*www.law.cornell.edu/rules/fre*

Local Rules for the United States District Court for the
Northern District of Alabama
*www.alnd.uscourts.gov/local-rules*

Federal Rules of Appellate Procedure
*www.law.cornell.edu/rules/frap*

# 5. Preliminary Questions to Ask

## 5.1  Is This the Right Court to Decide My Dispute?

The United States District Court for the Northern District of Alabama
is one of 94 trial courts in the federal court system. Federal courts can
only hear certain types of cases. Generally, this court can only hear
disputes that fall into one or more of the following four categories:

- A dispute that involves a right in the United States
  Constitution;

- A dispute that involves a federal law (as opposed to a
  state law or local ordinance);

- A dispute that involves the United States of America (or
  any of its agencies, officers, or employees in their official
  capacities) as a party; and

- A dispute between citizens of different states with an
  amount in controversy that is more than $75,000.

If your dispute does not fall into any of those four categories, you
should not file your lawsuit in this court. Instead, you should consider
state, local, or administrative courts (or perhaps arbitration,
mediation, or other types of dispute resolution).

## 5.2  Is There an Alternative to Representing Myself?

Most people who sue someone or who are being sued hire a lawyer
who is familiar with the law and the court's rules. Some lawyers are

willing to accept your case for an agreed-upon percentage of recovery as their fee if you win your case, and no fee if you do not. That is known as a contingency-fee arrangement. Most such lawyers screen cases to make sure potential clients have a reasonable chance of winning. Some laws may require the other side to pay for your lawyer if you win your case. Other laws may require you to pay for the other side's lawyer if you lose. As just one example, that could happen if you submit a false or frivolous claim.

If you want to have a lawyer represent you but you cannot afford one, you might consider contacting Alabama Legal Services at (205) 251-8006 in Birmingham or (256) 539-2275 in Huntsville. The staff of the Bar Associations can explain the options for obtaining legal services for free or at a reduced rate.

Depending on where you live, you might also consider contacting one of the following referral services or legal-aid organizations. Some of the organizations offer free legal help, free clinics in various subjects, and ask-a-lawyer events. (If you do not see your area, you can go to *www.lsc.gov* and enter your county, and it will provide a list of services or organizations in your area.) Note that this court is not affiliated with any of these services or organizations and merely provides them as a possible source of help for you. Also note that this list is not exhaustive; there might be other similar organizations that can help you.

You may also ask the court to appoint a lawyer for you.  Forms to request appointment of pro-bono counsel are available in the clerk's offices in Birmingham and Huntsville.  They are also available on our webpage at *www.alnd.uscourts.gov*. But, keep in mind that, unlike in a criminal case, you do not have a right to court-appointed counsel in a civil case. In rare cases where representation by a lawyer is particularly appropriate or necessary, the court may appoint counsel. To make your request, you must file a motion for appointment of counsel in your case.

## 5.3 If I Represent Myself, What Will I Have to Do?

If you cannot find a lawyer to represent you, you can pursue your claim in court by appearing without a lawyer (corporate entities must

be represented by counsel). When you appear without a lawyer, you must follow the same rules and procedures that lawyers must follow.

Once you file your lawsuit, you must diligently prosecute it. That means that you are responsible for doing everything necessary for the case to move forward. Whether you are representing yourself as a plaintiff (the person suing) or a defendant (the person being sued), you have to:

- Prepare, file, and serve pleadings and legal memoranda (briefs);

- Gather evidence, bring it to trial, and have a witness who can testify about it;

- Locate, serve, and reimburse witnesses for the expenses they incurred in having to appear;

- Answer other parties' discovery requests (in other words, give them the relevant evidence in your possession that they ask for);

- Prepare and serve your discovery requests;

- File disclosures required by the court rules;

- Know and meet all court deadlines and case filing requirements;

- Attend all court hearings and meetings; and

- Arrange for and attend depositions, if necessary.

## 5.4.  Can the Court Give Me Legal Advice?

Although the staff of the clerk's office can give basic, general information about court rules and procedures and certain forms, they are prohibited from giving legal advice, interpreting or applying court rules, or otherwise participating, directly or indirectly, in any action. Accordingly, they cannot explain the meaning of a specific rule; interpret case law; explain the result of taking or not taking an action; answer whether jurisdiction is proper; answer whether a complaint

properly presents a claim; or give advice on the best procedure to accomplish a particular objective.

In addition, the judges cannot give legal advice because they will be ruling on motions by the parties and may ultimately try the case. They must remain neutral. The judges' law clerks and chambers staff likewise cannot give legal advice. Thus, when pursuing your lawsuit, you cannot speak to the judge or his or her law clerks without the other party (or the other party's lawyer) present. Except for proceedings in open court, all of your communications with the judge should be in writing, filed with the clerk's office, with copies sent to all parties or their lawyers.  The electronic docketing system serves a copy of every document you file on all attorneys who have entered an appearance in the case.  You should not send correspondence directly to any judge or to his or her chambers.

Court library staff members also are prohibited from giving legal advice. They can show you where books are in the library and how to make copies of library materials but cannot tell you how to litigate your lawsuit or fill out a form.

## 5.5    What Information Can the Court Give Me?

The clerk's office maintains a computer record for each lawsuit. It includes a docket, which is a chronological list of all court events and documents filed in a case. You may view the docket at public-access terminals in our clerk's offices. Copies of any document in the docket cost $.50 per page if they are made by clerk's office staff. There is a printer in the public area of the clerk's office. If you print your own copies to the public printer, the cost is $.10 per page. The clerk's office staff may provide basic docket information, in person or over the phone. However, if the clerk's office is requested to search the records of the district, a $30 records search fee will be charged for each name or item searched.

If you have internet access, you may also register for PACER (Public Access to Court Electronic Records) and view and print the documents for your case. To register, go to the PACER registration page on the PACER website (*www.pacer.gov*) or call (800) 676-6856. Using PACER may cost $.10 per printed page. PACER will give you details when you register.

# 6. Getting the Case Started



## 6.1  Drafting the Complaint (First Step)

Every civil case starts with a complaint. A complaint outlines a problem or reason for the lawsuit, which is also known as a claim or cause of action. You can get a form from the clerk's office or from the court's website:

> Complaint for a Civil Case
> *www.alnd.uscourts.gov/pro-se-Forms*

A complaint (and all other documents filed with the court) needs to be on 8½" x 11" paper, double-spaced, and either typed in a 12-point black font or written legibly in black ink. Following are the things that must be in a complaint and the things that must accompany a complaint.

- ▪ **Caption.** A complaint (and other documents filed with the court) must have a caption that includes the court's name and division (Eastern, Southern, Northwestern, Middle, Northeastern, Jasper or Western), the parties names and designations (plaintiff or defendant), the case number if known, and a descriptive title, such as "Complaint" (other examples are "Plaintiff's Motion for Summary Judgment" or "Defendant's Unopposed Motion for Extension of Time to Respond to Complaint"). Here is an example of a caption you would see at the top of a complaint:

United States District Court
Northern District of Alabama
Southern Division

JOHN SMITH,

      *Plaintiff,*

v.                              Case No. 2:16-cv-9999-KOB

SHERIFF OF JEFFERSON COUNTY,

      *Defendant.*


**Complaint and Demand for Jury Trial**

- **Subject-Matter Jurisdiction.** A complaint must include a short statement of the basis for subject-matter jurisdiction, which is what gives the court, as a federal court, the authority to hear and resolve your claims. As explained in the above section, "**Is This the Right Court to Decide My Dispute?**," your case must involve a right in the United States Constitution, a federal law, the United States of America as a party, or a dispute between citizens of different states with an amount in controversy that is more than $75,000. You must tell the court which category matches your case's facts and how it matches those facts so the court knows that it has the authority to hear and resolve your claim.

- **Claim or Claims.** A complaint must include a short statement of the claim or claims showing that you are entitled to relief. In this section, you must include the core facts that support each element of your claim. When you write your claim, you must explain what happened by stating facts, not conclusions or what relief you want. For example, do this, "The Commissioner of the Social Security Administration issued a final

decision denying my claim for disability benefits on July 27, 1997"; not this, "The Commissioner of the Social Security Administration denied me my right to benefits."

- **Demand for Relief.** A complaint must include a demand for judgment stating the type of relief sought such as damages (money), a court order, and possibly a jury trial (you need to ask for one in your complaint if you want one).

- **Signature Block.** A complaint (and other documents filed with the court) must include a signature block of each person filing it. A signature block must include a signature, typed or printed name, address, and phone number.

- **Attachments.** Any written document referenced in a complaint (a contract or a right-to-sue notice, for example), may be attached to a complaint.

- **Civil Cover Sheet**. A complaint must be accompanied by a civil cover sheet. You can get the form from the clerk's office or from the court's website:

  Civil Cover Sheet
  *www.alnd.uscourts.gov/pro-se-Forms*

- **Summons.** A complaint must be accompanied by summonses for each defendant. You can get the form from the clerk's office or from the court's website:

  Summons in a Civil Case
  *www.alnd.uscourts.gov/pro-se-Forms*

## 6.2  Filing the Complaint (Second Step)

If you are bringing the lawsuit, you have to pay a filing fee of $400 by cash, money order, cashier's check, or a personal credit card. If you cannot afford the filing fee, you can apply to the court for permission to proceed without paying it. That is called proceeding "in forma pauperis." To do so, you have to complete and file an affidavit-of-

indigency form so the court can consider your finances and whether you truly cannot afford the filing fee. You can get the form from the clerk's office or from the court's website:

> In Forma Pauperis Affidavit;
> In Forma Pauperis Affidavit with Attorney Request
> *www.alnd.uscourts.gov/pro-se-Forms*

Filing the form does not guarantee that you can proceed without paying the filing fee. The court makes that decision. Even if the court waives the filing fee, you will still be held responsible for other costs of litigation, possibly including costs for service of process, photocopies, deposition transcripts, and costs and fees for witnesses. If your request to proceed in forma pauperis is denied, you have to pay the filing fee or the court will dismiss your case.

Generally, you may file a civil case in the district where any defendant lives or where the claim arose (28 U.S.C. § 1391). If that district for you is the Northern District of Alabama, there are seven divisions, two of which have staffed clerk's offices. Division offices and their associated counties are as follows:

- **Eastern Division:** Calhoun, Clay, Cleburne, Talladega

- **Southern:**  Blount, Jefferson, Shelby

- **Northwestern**: Colbert, Franklin, Lauderdale

- **Middle**: Cherokee, DeKalb, Etowah, Marshall, St. Clair

- **Northeastern**: Cullman, Jackson, Lawrence, Limestone, Madison, Morgan

- **Jasper:**  Fayette, Lamar, Marion, Walker, Winston

- **Western:** Bibb, Greene, Pickens, Sumter, Tuscaloosa

You may file your complaint and other court documents by mail or in person at a clerk's office. If you choose to mail your court documents, addresses and phone numbers for the Northern District of Alabama are provided below. You may file in either of the two offices.  The clerk will assign your case and provide a case number.

**Birmingham – Main Office:**

Hugo L. Black Federal Courthouse
1729 – 5th Avenue, North
Birmingham, Alabama 35203
(205) 278-1700

**Huntsville – Divisional Office:**

Huntsville Federal Courthouse
101 Holmes Avenue
Huntsville, Alabama 35801
(256) 551-2501

If you choose to file documents in person at a clerk's office, you should know that everyone entering a federal courthouse must present valid photo identification, go through a metal detector, and may be scanned by a hand-held wand. All bags, packages, purses, and other items are examined through an x-ray machine. No weapons of any kind are allowed in any courthouse. Electronic devices such as laptop computers, tablets, audio file players and recorders, cameras, broadcasting equipment, and other devices are not allowed in the courthouses without a court order. Cell phones, including those with cameras, **are** allowed in the federal courthouses in the Northern District of Alabama. However, they are not to be used in any courtroom; no photographs and no voice recordings are to be made in the courthouse.

## 6.3 Serving the Complaint (Third Step)

Service of process is simply the procedure used to notify each defendant that someone is suing him or her and that they MUST file an answer to the complaint. Judgment by default may be entered against a defendant who fails to timely answer the complaint. Service is required by law and must be done in one of several specific ways. If service is not done according to the law, the court may dismiss your complaint. Rule 4 of the Federal Rules of Civil Procedure states the requirements for service. (Note that Rule 4 includes special requirements for service of process when suing the United States, one of its agencies, or one of its employees.)

If you are the one who is filing the lawsuit, you must fill out summons forms (one for each defendant), and present them to the clerk's office to be issued. The clerk will sign and date them and add the court's seal. You will need a copy of each official summons (the one with the clerk's signature and seal) and a copy of the complaint and any of its attachments for each defendant. Defendants must be served within 90 days of filing the complaint; if not, the court may dismiss your case for failure to serve defendant(s) in a timely way. There are three different ways to serve a defendant with a complaint:

- **Personal Service**. Anyone 18 years of age or older, who is not a party to the complaint, may deliver or serve the summons and complaint to a named defendant. The person who serves the summons and complaint must complete and sign the back of the original summons form; the return of service must be filed with the court. That is called the return of service. It is proof to the court that the defendant has been served and therefore knows about the lawsuit filed against him.

- **Waiver of Service.** A defendant may waive service, which means that he or she has agreed to respond to the complaint even though you did not have him personally served with the complaint and summons. You can get a waiver-of-service form from the clerk's office or from the court's website:

  Waiver of the Service of Summons
  *www.alnd.uscourts.gov/pro-se-Forms*

  Once you have completed the waiver form, you can send it by first-class mail to the defendant along with a copy of the complaint and all attachments. If the defendant completes the waiver form and it is filed with the court by either you or the defendant, you do not have to complete personal service of process.

- **Service by the U.S. Marshal**. If the court allows you to proceed in forma pauperis and waives the filing fee, the court may also direct the U.S. Marshal to serve the summons and complaint on the defendant at no cost to

you. But you still would have to provide completed summonses and sufficient copies of the summonses and complaints for all defendants to the clerk's office for forwarding to the U.S. Marshal.

# 7. Pretrial

## 7.1  Drafting, Filing, and Serving Documents

Pre-trial proceedings include additional exchanges of documents between the parties. The types of documents vary, but there are several rules to follow that never change during litigation:

- You must file original documents with the court. That includes documents that you write (such as motions and memoranda of law [briefs/arguments], as well as exhibits). You must sign all documents that you have written.

- You may file documents in the clerk's office in person or by mail. Generally, in-person filing must be done Monday through Friday, 8:30 a.m. to 4:30 p.m. The clerk's offices are closed on federal holidays and occasionally during a state of emergency. You may file in the lobby of the courthouses until 5:30 p.m. If you want a file-stamped copy of any document for your records, you should provide the clerk with an extra copy of that document to be returned to you. If you mail documents to the clerk for filing and want a return copy for your file, you must provide a self-addressed, stamped envelope.

- When you file a document, you must also mail or hand-deliver a copy of that document to all other parties or the other parties' lawyers. You must certify on every document that you have mailed or hand-delivered a copy to every party either personally or through their attorney. (There is a rare exception for ex parte proceedings.)

- You must include a certificate of service with every document. The certificate of service states when and how you served a copy of that document on the other parties or their lawyers. Here is an example of a certificate of service:

I, [name of person filing document], certify that on [month, day, year] I served a copy of this document on [name of other party's attorney or other party if not represented by an attorney] by [mailing, hand delivering, faxing] it to [him, her]  at [address, fax number].

## 7.2 Answering the Complaint

After the plaintiff has completed service of process on a non-federal defendant, the defendant has 21 days to respond, usually by an answer or motion to dismiss. More time may be given under certain statutes or if the defendant waived service of process. Rule 12, Federal Rules of Civil Procedure, provides details. An answer includes the defendant's responses to the plaintiff's claims (he or she admits or denies each allegation), affirmative defenses (a claim is barred by the statute of limitations, for example), and any counterclaim against the plaintiff.

Federal defendants have 60 days to respond to a properly served summons and complaint.

In Alabama Northern the Social Security Administration is given 90 days to respond to a properly served summons and complaint appealing denial of social security benefits.

## 7.3 Motions

A motion is a party's oral or written request to have the court do a particular thing or rule a particular way. You must file written motions with the court and send copies to all of the other parties in the case. Before filing a motion with the court, you should consult the rules regarding filing and serving motions. Violating the rules may result in the court denying your motion.

There are two types of motions: dispositive and non-dispositive. Magistrate Judges can rule on non-dispositive motions, which if granted, affect the lawsuit but do not dispose of it or bring it to a conclusion. If your case is assigned to a Magistrate Judge, you will be invited to consent to the jurisdiction of the Magistrate Judge.  You can get a Consent or Declaration to Magistrate Judge Jurisdiction form from the clerk's office or from the court's website:

Consent or Declination to Magistrate Judge Jurisdiction
*www.alnd.uscourts.gov/pro-se-Forms*

If all the parties to a case file written consents, the Magistrate Judge may rule on dispositive motions (motions that 'dispose' of the lawsuit). If there is not consent of all the parties, the case will be reassigned to an Article III judge who will rule on the motion.

In cases assigned to a Magistrate Judge that appeal a social security decision, if there is no consent, the Magistrate Judge prepares a Report and Recommendation for an Article III judge randomly selected to hear the appeal.

Usually, the court does not schedule hearings on motions. Instead, the court sends a written decision to all parties. If a dispositive motion is submitted to the court and the judge decides to dismiss a complaint, the written decision is a judgment. Those judgments are final and conclude District Court proceedings, but may be appealed to the United States Court of Appeals for the Eleventh Circuit within a specified number of days as stated in the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure.

Parties may file "motions" to ask the court to act.  If the court does as the party requests, the motion is granted; if the court does not do as the party requests, the motion is denied. Some motions are granted in part and denied in part.  The judge's order will say what part is granted and what part is denied.

To write a motion, it is best to begin with a form or sample that fits your situation. If you cannot find one which fits your situation, you may write your request yourself.  Specific motion forms can be found in books in law libraries. Here is the start of a typical motion:

> [Plaintiff or Defendant] [name of plaintiff or defendant] asks the court to [state relief requested].

There are no Local Rules regarding motion practice in the Northern District of Alabama.

Common types of motions include requests to compel discovery (require the other party to produce), dismissing claims, and for extensions of time.

Remember, copies of any motion papers must be sent to every party in the lawsuit to give them a chance to oppose the motion. Opposing a motion can be as much work as preparing a motion because the response must state why the court should deny the motion.

## 7.4 Disclosures and Discovery

Disclosures of facts are often made during a lawsuit. Some disclosures are required while others are not. If you are wondering whether you or another party has a legal duty to disclose a fact, you should consult the rules and the law for guidance. Rule 26 of the Federal Rules of Civil Procedure discusses disclosures.

Discovery is the process by which parties exchange facts relevant to the lawsuit. There are rules regarding discovery just as there are rules for other court processes.

A party can get facts from another party by asking for them. There are several ways to do this:

- **Interrogatory.** An interrogatory is a written question to the other party for information that will prove or disprove a fact.

- **Request for Production.** A request for production is a written request to the other party for a copy of a document or access to any other tangible thing that will prove or disprove a fact.

- ▪ **Deposition.** A deposition is an in-person, recorded, question-and-answer event used by a party to ask the other party or a witness questions about the facts surrounding the case. A party seeking the deposition of another party may do so by serving an advance notice of its time and place. A party seeking the deposition of a non-party may do so by requesting a subpoena from the clerk's office and serving the summons on the non-party. There are limits to the scope of a subpoena. A non-party may not be required to travel outside of the Northern District of Alabama or more than 100 miles from his or her home. A one-day witness fee of $40.00 and mileage at the prevailing rate of .54¢ per mile[1] round-trip to the place of holding the deposition must be given to the witness with the subpoena.

- ▪ **Request for Admission.** A request for an admission is a written request to another party asking him or her to admit a specific fact important to proving a claim or narrowing the issues in the lawsuit.

Pro se parties must file discovery documents with the court. Attorneys in cases with pro se parties must also file discovery documents.

Parties may choose to share information informally as well, and they often do so when trying to negotiate a settlement of their claims so they can avoid the time and cost of continuing with the lawsuit.

## 7.5 Mediation

A mediation is a settlement conference presided over by a certified, qualified mediator. The mediator may be a Magistrate Judge who is not assigned to the case or an attorney appointed by the court as mediator in the case. The goal of a mediation is to settle the case to avoid the time, cost, and burden of proceeding to trial.

---

[1] As of November 1, 2016

## 8. Trial

Preparing for trial is one of the most time-consuming and difficult parts of a lawsuit—for everyone. The court must prepare just as the parties and their lawyers prepare. From courtroom scheduling to managing discovery to ruling on motions, everyone at the court is very busy completing tasks leading up to and during the trial. If your case is scheduled for trial you may be entitled to a pro-bono attorney. A pro-bono attorney is one who would represent you without charging you for his or her services. There is an application for such an appointment available in the clerk's offices and on our website at www.alnd.uscourts.gov.

People who represent themselves, like lawyers representing clients, must prepare opening statements, closing arguments, witness lists, exhibit lists and exhibits, and questions for witnesses. If a witness is needed, the party who needs the witness must have the witness subpoenaed to appear and, in some instances, pay the witness's costs. Any original documents that are going to be offered as evidence must be brought to the courthouse. Copies of those documents have to be made too. There must be an original for the witness to testify about and file with the court plus a copy of the original for every party. If there is physical evidence other than a document that a party intends to introduce at trial, it should also be brought to court, whenever possible, so that a witness can testify about it and other parties can use it during questioning.

Not all witnesses are allowed to testify at trial. Not all documents or other objects offered as evidence are accepted as evidence during a trial. Only a judge can decide if a witness will be allowed to testify or an object or document will be accepted as evidence. If you are unsure whether you may offer witness testimony, documents, or other objects as evidence, you should consult the Federal Rules of Evidence well before trial.

# 9. Post-Trial

## 9.1 Final Judgment

A final judgment closes the case. In it, the court will enter judgment in favor of one party or the other on each claim. Entry of the final judgment on the record starts the time period for filing a notice of appeal. Orders before the final judgment are usually not immediately appealable.

## 9.2. Appeal

The appellate court that hears appeals from the Northern District of Alabama is the United States Court of Appeals for the Eleventh Circuit. That court handles appeals from all federal courts in Florida, Georgia, and Alabama. It is headquartered in Atlanta. Like this court, the Eleventh Circuit Court of Appeals also offers a handbook, such as this, designed for persons representing themselves without a lawyer. It is available on the Eleventh Circuit's website:

> *Pro Se Handbook* (Rev. 12/15)
> *www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/Form ProSeHandbookDEC15.pdf*

If you disagree with an appealable order or a final judgment of the district court, you may appeal under the Federal Rules of Appellate Procedure. It is important to first read the rules to determine if you have a right to an appeal.

If you do have a right to an appeal, you must quickly file a notice of appeal in the district court. The number of days you have to file an appeal after a judgment varies; please consult the rules. Here are the contents of a typical notice of appeal:

[Name of party appealing] hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the [final judgment or order] entered in this case on [month] [day], [year].

When you file an appeal, you must pay a $505 filing fee to the district court. If you cannot afford the filing fee, you may request permission to proceed in forma pauperis on appeal and have the fee waived. Any party who is not a prisoner and has been allowed to proceed in forma pauperis in the district court will also be allowed to proceed in forma pauperis on appeal to the Eleventh Circuit Court of Appeals.

If you did not proceed in forma pauperis in the District Court but would like to proceed in forma pauperis on appeal to the Eleventh Circuit Court of Appeals, you must file a special form along with your notice of appeal so the court can decide whether to waive the filing fee. If the court waives the filing fee, you will still be responsible for all other costs of the appeal. You can get the form from the clerk's offices or from the Eleventh Circuit Court of Appeals' website:

Motion for Permission to Appeal In Forma Pauperis with Affidavit
*www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormFormaPa uperis.pdf*

# 10.   Resources

## 10.1  Law Libraries

If you would like to research the law, the court libraries are open to the public as a courtesy. The libraries are open during normal business hours from Monday through Friday as long as library staff members are available. They are closed on federal holidays. It is best to call ahead to make sure the library will be open. Here is information about them:

Satellite Circuit Library (part-time librarian)
Hugo L. Black Federal Courthouse
2nd Floor
1729 – 5th Avenue, North
Birmingham, Alabama  35203

## 10.2  Websites

Federal Bar Association
*www.fedbar.org/*

Federal Rules of Appellate Procedure
*www.law.cornell.edu/rules/frap*

Federal Rules of Civil Procedure
*www.law.cornell.edu/rules/frcp*

Federal Rules of Evidence
*www.law.cornell.edu/rules/fre*

Forms and Fees on the U.S. Courts Website
*www.uscourts.gov/FormsAndFees.aspx*

Forms for Pro Se Parties
*www.alnd.uscourts.gov/pro-se-Forms*

Local Rules for the Northern District of Alabama
*www.alnd.uscourts.gov/local-rules*

PACER Registration
*www.pacer.gov/register.html*

Eleventh Circuit Court of Appeals *Pro Se Handbook* (Rev. 12/15)
*www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormProSeHandbookDEC15.pdf*

United States Code (unofficial edition)
*www.uscode.house.gov*

U.S. Courts
*www.uscourts.gov/Home.aspx*

United States District Court for the Northern District of Alabama
*www.alnd.uscourts.gov*